UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THALIA GRAVES,<br><br>                       Plaintiff,<br><br>   -against-<br><br>SEAN COMBS AND JOSEPH SHERMAN,<br><br>                      Defendants. | Case No. 24-cv-7201<br><br>**Oral Argument Requested** |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
SEAN COMBS' MOTION TO DISMISS THE AMENDED COMPLAINT**

 

**SHER TREMONTE LLP**
Erica A. Wolff
Michael Tremonte
90 Broad Street, 23rd Floor
New York, New York 10004
Tel.: (212) 202-2600
Fax: (212) 202-4156
EWolff@shertremonte.com
MTremonte@shertremonte.com

*Attorneys for Defendant Sean Combs*

## **TABLE OF CONTENTS**

                                                                           **Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

ARGUMENT ............................................................................................................................ 2

    I.     THE GMVL'S REVIVAL PROVISION IS PREEMPTED BY THE CVA
          AND THE ASA ................................................................................................ 2

    II.    PLAINTIFF'S CAUSES OF ACTION UNDER THE REVENGE PORN
          STATUTES ARE TIME-BARRED AND FAIL TO STATE A CLAIM ................. 8

    III.   PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE
          REVENGE PORN STATUTES .......................................................................... 10

CONCLUSION ......................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Angiulo v. Cnty. of Westchester*,
  No. 11-CV-7823 CS, 2012 WL 5278523 (S.D.N.Y. Oct. 25, 2012) .......................................... 10

*Bellino v. Tallarico*,
  No. 24-CV-0712 (LAK), 2024 WL 1344075 (S.D.N.Y. Feb. 21, 2024.) ................................... 2

*Chwick v. Mulvey*,
  915 N.Y.S.2d 578 (2d Dep't 2010) ............................................................................................ 5

*Clinton Grp., Inc. v. Navesink Int'l, LLC*,
  No. 24-CV-05195 (ALC), 2025 WL 887584 (S.D.N.Y. Mar. 21, 2025) .................................... 9

*Doe v. Black*,
  No. 23-CV-6418 (JGLC), 2024 WL 4335453 (S.D.N.Y. Sept. 27, 2024) .......................... 2, 4, 7

*Engelman v. Rofe*,
  144 N.Y.S.3d 20 (1st Dep't 2021) .............................................................................................. 6

*Engine Mfrs. Ass'n v. S. Coast Air Quality Mgmt. Dist.*,
  541 U.S. 246 (2004) ................................................................................................................... 3

*Garcia v. New York City Dep't of Health & Mental Hygiene*,
  31 N.Y.3d 601 (2018) ................................................................................................................. 5

*Hernandez v. City of New York*,
  No. 18-CV-5870 (ER), 2019 WL 2410129 (S.D.N.Y. June 7, 2019) ........................................ 9

*Jones v. Cattaraugus-Little Valley Cent. Sch. Dist.*,
  No. 19-CV-707S, 2022 WL 2124608 (W.D.N.Y. June 13, 2022) ............................................. 5

*Kuzmich v. 50 Murray St. Acquisition LLC*,
  34 N.Y.3d 84 (2019) ................................................................................................................... 3

*Mira v. Harder (Evans)*,
  177 A.D.3d 426 (1st Dep't 2019) ............................................................................................. 10

*Nat'l Rifle Ass'n of Am. v. Vullo*,
  49 F.4th 700 (2d Cir. 2022) ..................................................................................................... 11

*NLRB v. SW Gen., Inc.*,
  580 U.S. 288 (2017) ................................................................................................................... 3

*Nussenzweig v. diCorcia*,
  9 N.Y.3d 184 (2007) ............................................................................................................ 5

*Parker v. Alexander*,
  No. 24-CV-4813 (LAK), 2025 WL 268436 (S.D.N.Y. Jan. 22, 2025) ........................... 2, 4, 6, 7

*People v. Mitchell*,
  15 N.Y.3d 93 (2010) ............................................................................................................ 3

*Peterson v. Bank Markazi*,
  121 F.4th 983 (2d Cir. 2024) ............................................................................................... 3

*Prince v. Madison Square Garden*,
  427 F. Supp. 2d 372 (S.D.N.Y. 2006) ................................................................................. 9

*Regina Metro. Co., LLC v. New York State Div. of House. And Cmty. Renewal*,
  35 N.Y.3d 332 (2020) ......................................................................................................... 7

*S. H. v. Diocese of Brooklyn*,
  167 N.Y.S.3d 171 (2d Dep't 2022) ..................................................................................... 5

*Tantaros v. Fox News Network, LLC*,
  No. 17-CV-2958 (GBD), 2018 WL 2731268 (S.D.N.Y. May 18, 2018) ............................ 11

*Whiteside v. Hover-Davis, Inc.*,
  995 F.3d 315 (2d Cir. 2021) ............................................................................................... 11

**Statutes**

28 U.S.C. § 1292(b) ................................................................................................................. 7

**Rules**

CPLR § 214-j ....................................................................................................................... 3, 7

CPLR §§ 214-g ..................................................................................................................... 3, 7

This reply memorandum of law is respectfully submitted on behalf of Defendant Sean Combs ("Mr. Combs" or "Defendant") in further support of his motion to dismiss the Amended Complaint (ECF 52 (the "Motion to Dismiss")).

**PRELIMINARY STATEMENT**

The Memorandum of Law in Support of the Motion to Dismiss (ECF 55 ("Opening Brief")) set forth the constitutional doctrine and fundamental principles of statutory construction that confirm that New York City's GMVL revival provision is preempted by New York State's ASA and CVA, rendering Plaintiff's GMVL claim time-barred.[1]  Plaintiff responds by calling this argument – an argument that has now twice been adopted by United States District Court Judge Lewis Kaplan – "meritless."  Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Amended Complaint (ECF 59 ("Opposition")) at 9.  While Plaintiff may not like Judge Kaplan's analysis because it does not come out in her favor, Defendant's reliance on his reasoning is far from "meritless." Indeed, even Judge Clarke, who came to a different conclusion from Judge Kaplan, recognizes that the conclusion Plaintiff urges this Court to adopt presents "[a] substantial ground for difference of opinion" (as demonstrated by Judge Clarke's certification of the issue for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), *see Doe v. Black*, 23-CV-6418, Nov. 8, 2024 Order, ECF 153).  In arguing that the ASA and CVA do not preempt the GMVL's revival provision, Plaintiff mischaracterizes the case law and ignores the plain meaning of the State statutes, reading into those statutes directives that do not exist and cannot be inferred.

Plaintiff's efforts to sustain her claims under the City and State Revenge Porn Statutes likewise fail.  Because those claims are premised on impermissible group pleadings and conduct

---

[1] Unless otherwise set forth, capitalized terms shall have the same meaning set forth in the Opening Brief.

1

alleged to have occurred over twenty years before Plaintiff filed this lawsuit, they are time-barred and insufficiently pled. Plaintiff's conclusory allegation that she recently discovered a purported recording cannot save her claims because the facts alleged (as opposed to the conclusions asserted) do not support an inference that she discovered a video at all. Indeed, Plaintiff has no firsthand knowledge of any such video even existing, let alone being distributed, a deficiency that the New York Appellate Division, First Department, has invoked as grounds for dismissal. Dismissal is likewise merited here.

**ARGUMENT**

I. **THE GMVL'S REVIVAL PROVISION IS PREEMPTED BY THE CVA AND THE ASA**

Notwithstanding the fact that Judge Kaplan has twice held that New York City's GMVL revival provision is preempted by New York State's CVA and ASA, including in a detailed, reasoned opinion that persuasively analyzes the key statutory language and governing case law, *see Parker v. Alexander*, No. 24-CV-4813 (LAK), 2025 WL 268436 (S.D.N.Y. Jan. 22, 2025) and *Bellino v. Tallarico*, No. 24-CV-0712 (LAK), 2024 WL 1344075 (S.D.N.Y. Feb. 21, 2024), Plaintiff asserts that Defendants' preemption argument is "meritless." Opposition at 9. *Parker* and *Bellino* are the only two decisions in this District which squarely address the specific question before this Court: whether the ASA and CVA taken together preempt the GMVL's revival window. *Doe v. Black*, which Plaintiff urges this Court to follow, only considered the narrower question of preemption by just the CVA. *Doe v. Black*, No. 23-CV-6418 (JGLC), 2024 WL 4335453, at *3 (S.D.N.Y. Sept. 27, 2024) ("The Court thus analyzes whether the [GMVL revival window] is preempted by the CVA.").

Plaintiff mischaracterizes *Parker* and *Bellino* and their reasoning in at least four ways.

2

**First**, she tries to distort the operative phrase in the CVA and ASA – "[n]othwithstanding any provision of law which imposes a period of limitation to the contrary" – by reading into that the legislature intended "notwithstanding" to apply only to a period of limitation that would reduce the time period for bringing a claim.  The statute contains no such language.

There is no ambiguity about what the legislature meant by "[n]otwithstanding." Notwithstanding means "[d]espite."  *See* Notwithstanding, BLACK'S LAW DICTIONARY (12th ed. 2024).  By creating a revival window that governs the specified category of expired sexual-assault claims "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary," CPLR §§ 214-g, 214-j, the CVA and ASA revival windows ensure that *their specified revival periods* will be operative despite any contrary legal directive.  *See, e.g., NLRB v. SW Gen., Inc.*, 580 U.S. 288, 302 (2017) ("A 'notwithstanding' clause . . . shows which of two or more provisions prevails in the event of a conflict."); *Peterson v. Bank Markazi*, 121 F.4th 983, 995 (2d Cir. 2024) ("As a matter of statutory construction, the use of such a 'notwithstanding' clause clearly signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions of any other section.") (citations and quotations omitted).  Indeed, under New York law, a "notwithstanding" clause is often "the verbal formulation frequently employed for legislative directives intended to preempt any other potentially conflicting statute." *Kuzmich v. 50 Murray St. Acquisition LLC*, 34 N.Y.3d 84, 92 (2019) (quoting *People v. Mitchell*, 15 N.Y.3d 93, 97 (2010)); *c.f. Engine Mfrs. Ass'n v. S. Coast Air Quality Mgmt. Dist.*, 541 U.S. 246, 265 (2004) (Souter, J. dissenting) (noting that statute "gives no indication that its subject matter would otherwise be preempted; there is certainly no 'notwithstanding' clause.").  If the New York State legislature intended for the ASA and CVA revival windows to apply

3

"notwithstanding" any period of limitations that was *shorter*, it would have written the statutes to say so.

**Second**, Plaintiff conflates the preemption doctrine's requirement for a "comprehensive" regulatory scheme with a complex one, citing examples of regulatory schemes that were found to be preempted by allegedly more "complex" state regulatory systems. Opposition at 12–14. Yet, as Judge Kaplan held, even if:

> "[t]hese comparator schemes do involve more complexity than the ASA-CVA revival scheme . . . the comparator schemes are not more comprehensive; the comparators and the ASA-CVA revival scheme occupy the entirety of their respective fields due to the breadth of their application. Nor does the level of detail involved meaningfully distinguish the comparator schemes."

*Parker*, 2025 WL 268436, at *4.

**Third**, Plaintiff misconstrues the standard for conflict preemption and ignores the conflict between the GMVL revival provision and the ASA and CVA. The GMVL revival provision expressly conflicts with the ASA and CVA because the GMVL authorized the filing of previously time-barred sexual assault claims between March 1, 2023 and March 1, 2025, whereas the CVA precluded the filing of such time-barred sexual assault claims involving child victims after August 14, 2021, and the ASA precluded the filing of such claims involving adult victims after November 24, 2023. *See Black*, 2024 WL 4335453, at *2 (noting that the CVA revival window spanned from August 19, 2019 to August 14, 2021); *see also Parker*, 2025 WL 268436, at *1 (noting that the GMVL revival window spanned from March 1, 2023 to March 1,

4

2025 and that the ASA revival window spanned from November 24, 2022 to November 24, 2023).[2]

Quoting *Black*, Plaintiff argues that the GMVL revival window is not preempted by the ASA and CVA because it "does not curtail or take away a right or benefit expressly given by the state." Opposition at 16. This is wrong: the GMVL revival provision curtails and takes away the rights of defendants to protect against stale claims. Statutes of limitations are a fundamental right of due process. As the New York Court of Appeals has explained, statutes of limitations "are designed to spare" a defendant "from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost." *Nussenzweig v. diCorcia*, 9 N.Y.3d 184, 188 (2007) (dismissing claims on statute of limitations grounds). Thus, any revival window is an "'extreme example of legislative power'" and such windows must be "narrowly construed." *Jones v. Cattaraugus-Little Valley Cent. Sch. Dist.*, No. 19-CV-707S, 2022 WL 2124608, at *4 (W.D.N.Y. June 13, 2022) (quoting *S. H. v. Diocese of Brooklyn*, 167 N.Y.S.3d 171, 177 (2d Dep't 2022)). Contrary to Plaintiff's assertion the GMVL revival provision "explicitly allows" that which the CVA and ASA prohibit, *see Matter of Chwick v. Mulvey*, 915 N.Y.S.2d 578, 584 (2d Dep't 2010), because, among other things, the GMVL revival provision allows a decades old claim for sexual assault of an adult to be brought *after* the ASA revival window when the state law expressly prohibits it.

---

[2] Plaintiff's contention that no conflict exists because the GMVL "applies to violent acts that do not constitute offenses pertaining to sexual assault" is a non sequitur and, not surprisingly, is unsupported by any authority. *See* Opposition at 17. Conflict preemption does not require a complete overlap between the municipal statute and the state law. It merely requires a direct conflict, *see Garcia v. New York City Dep't of Health & Mental Hygiene*, 31 N.Y.3d 601, 617 (2018) ("A local law will be preempted [] where there is a direct conflict with a state statute…"), which is patently present here.

5

**Fourth,** Plaintiff mischaracterizes *Engelman v. Rofe*, 144 N.Y.S.3d 20 (1st Dep't 2021). The statute of limitation provisions evaluated in *Engelman* – New York's one-year statute of limitations for assault and related torts, CPLR. § 215(3), and its three-year statute of limitations for actions to recover on a statutory liability, CPLR § 214(2) – were general statute of limitations applicable to a broad range of torts and statutory causes of action. Neither of those statutes were specific to the revival of previously time-barred sexual assault claims. This is in contrast to the CVA and ASA revival provisions which expressly revived particular categories of sexual assault claims, evincing the legislature's intent to fully occupy the field of claim revival for sexual assault. The question presented here is thus the very (distinct) question that the *Engelman* court itself observed *could* result in preemption. *See Engelman*, 144 N.Y.S.3d at 26 (suggesting that a municipal law may be preempted if it attempted "to extend the statute of limitations for a particular class of assaults" that is otherwise covered by a shorter state limitations period); *see also Parker*, 2025 WL 268436, at *3, n.41 (noting that "[p]er the reasoning in *Engelman*, [the CVA and ASA revival windows] preempt the [GMVL revival provision] to the extent it purports to apply to the same conduct as the CVA and ASA.") That is precisely the circumstance presently before this Court.

Another indication that the analysis in *Engelman* does not "strongly support[] the same result here," (Opposition at 15), is the distinction between the statutory language in the CVA and ASA and the language in *Engelman*. *Engelman* involved a CPLR limitations period that applied "*unless* a different time is prescribed by law." *Engelman*, 144 N.Y.S.3d at 26 (citing CPLR § 201) (emphasis added). That is different from language in the CVA and ASA which set a precise filing window for specifically defined claims "*[n]otwithstanding* any . . . contrary" limitations period, CPLR § 214-g (emphasis added); CPLR § 214-j (emphasis added).

6

*Parker's* reasoning is both straightforward and persuasive, and applies to the exact question at issue in this case. Plaintiff's contention that Mr. Combs's reliance on established precedent in this District is an "attempt to twist," the plain language of the statutes and is "meritless" (Opposition at 9, 11) cannot be accepted. Indeed, while Judge Clarke may have reached a different conclusion, she has certified this very issue for interlocutory appeal, *see Doe v. Black*, 23-CV-6418, Nov. 8, 2024 Order, ECF 153, demonstrating that at the very least, there is "[a] substantial ground for difference of opinion," 28 U.S.C. § 1292(b), as to whether the City GMVL can revive time-barred claims in light of the state CVA and ASA.[3]

To the extent there is any ambiguity about whether the ASA and/or CVA preempts GMVL's revival window, that ambiguity must be resolved in favor of preemption because "[r]evival is an extreme exercise of legislative power" and "[u]ncertainties are resolved against consequences so drastic." *Regina Metro. Co., LLC v. New York State Div. of House. & Cmty. Renewal*, 35 N.Y.3d 332, 371 (2020). To balance this extreme exercise of legislative power and its "upsetting [of] the strong public policy favoring finality, predictability, fairness and repose served by [the] statute[] of limitations," the state legislature provides only "a limited window when stale claims may be pursued." *Id.* at 371–72. Here, the New York State Legislature made the deliberate choice to revive stale claims arising from sexual misconduct for only limited periods of time pursuant to the CVA and ASA. A local law cannot be permitted to upset that

---

[3] The question presented by this Motion is currently before the Second Circuit in two separate appeals, *Parker v. Alexander*, No. 25-487 (2d Cir.) and *Doe v. Black*, 25-564 (2d Cir.). While the Court may, and in Defendant's view should adopt *Parker's* reasoning and dismiss Plaintiff's GMVL claim as time-barred, because the Court's decision on this issue will necessarily be affected by the Second Circuit's rulings on the *Parker* and *Black* appeals (which have been ordered to proceed in tandem, *see Parker v. Alexander*, No. 25-487 (2d Cir.) at ECF No. 1), Defendant respectfully submits that deferring decision on this Motion until those appeals have been decided would be an appropriate conservation of judicial resources.

policy determination by creating an enlarged revival window for claims covered by the ASA's and CVA's revival windows. For these reasons, the GMVL claim must be dismissed as untimely.

## II. PLAINTIFF'S CAUSES OF ACTION UNDER THE REVENGE PORN STATUTES ARE TIME-BARRED AND FAIL TO STATE A CLAIM

As Plaintiff concedes, the statute of limitations for the NYC Revenge Porn Statute is three years. *See* Opposition at 22–23. The conduct alleged in this Complaint took place in 2001, over twenty years before Plaintiff brought suit. Plaintiff's Third Cause of Action (for violation of the NYC Revenge Porn Statute) is, accordingly, time-barred. Plaintiff's assertion that her NYC Revenge Porn claim is timely rests on the single, conclusory allegation that "[o]n information and belief, Defendants continued to show the video of the rape to others over the years and through to the present and/or sold the video as pornography." *Id.* at 23 (quoting AC ¶ 48). This allegation is insufficient to sustain Plaintiff's claim.

First, this allegation impermissibly groups both Defendants together and fails to specify any conduct undertaken by Mr. Combs. Thus, it cannot provide a basis to sustain a claim against him. *See Nesbeth v. New York City Mgmt. LLC,* No. 17-CV-8650 (JGK), 2019 WL 110953, at *3 (S.D.N.Y. Jan. 4, 2019) ("[I]t is well-established in this Circuit that plaintiffs cannot simply lump defendants together for pleading purposes.") (quoting *Canon U.S.A., Inc. v. F & E Trading LLC*, No. 15-CV-6015, 2017 WL 4357339, at *7 (E.D.N.Y. Sept. 29, 2017)); *see also* Mot. at 17.)

Second, Plaintiff fails to allege a single fact supporting an inference that either Defendant continued to "show" and/or sell the alleged video as pornography, let alone that either did so within the three years preceding her filing of this action. Indeed, the conclusory allegation is devoid of any details concerning the time, place, or manner in which any alleged video was purportedly shown and instead, merely concludes "upon information and belief" that this occurred. While allegations may be based upon information and belief (Opposition at 25), "such

8

allegations must be accompanied by a statement of the facts upon which the belief is founded." *Hernandez v. City of New York*, No. 18-CV-5870 (ER), 2019 WL 2410129, at *3 (S.D.N.Y. June 7, 2019) (citations and quotations omitted); *see also Clinton Grp., Inc. v. Navesink Int'l, LLC*, No. 24-CV-05195 (ALC), 2025 WL 887584, at *4 (S.D.N.Y. Mar. 21, 2025) ("Conclusory pleadings on information and belief are inadequate as a matter of law to survive a motion to dismiss unless they are accompanied by a statement of facts upon which the belief is founded.") (quoting *Prince v. Madison Square Garden*, 427 F. Supp. 2d 372, 384 (S.D.N.Y. 2006) (internal quotation marks omitted)).

Here, the Amended Complaint contains no statement of facts supporting Plaintiff's belief that Mr. Combs showed or distributed any purported video at all, let alone that he did so within the applicable three-year statute of limitations. *See generally* AC. Instead, Plaintiff appears to base her belief that Defendants distributed a video on nothing more than the unsupported assertion that the Defendants purportedly made and distributed *other* videos involving *other* people. *See* Opposition at 23 (invoking allegations that Defendants "had a pattern and practice of selling non-consensually recorded videos of sexual encounters."). But such a conclusion is inadequate to support Plaintiff's belief that the Defendants continued to show or sell the video at issue in *this* action. And it certainly does not support the conclusion that the Defendants engaged in such conduct within the three years prior to Plaintiff's filing.

Plaintiff's attempt to salvage her untimely State Revenge Porn claim by relying on the statute's one-year discovery component also fails. On this score, she argues that her claim should be sustained because even though she has not alleged she actually discovered any such video, "[d]iscovery will show that documentary evidence and multiple witnesses corroborate her uncovering of the existence of the video" on November 27, 2023, ten months before she initiated

9

this action. *See* Opposition at 23. While a plaintiff's failure to plead facts supporting the essential elements of her claim might be excused when the facts necessary to do so can only be obtained through defendants in discovery, no basis exists to permit a deficiently pled claim to proceed to discovery where, as here, the facts the plaintiff claims she needs – if they exists (which they do not) – would be within her own possession. *Angiulo v. Cnty. of Westchester*, No. 11-CV-7823 (CS), 2012 WL 5278523, at *3 n.4 (S.D.N.Y. Oct. 25, 2012) (rejecting argument that plaintiffs could not state claim without discovery because information missing from the complaint would have been known by plaintiffs and observing, "as *Iqbal* makes clear, a plausible claim must come *before* discovery, not the other way around.").

Plaintiff's claims under the Revenge Porn Statutes – premised on conduct alleged to have occurred in 2001 – expired in 2004 and must be dismissed.

### III. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE REVENGE PORN STATUTES

Even if Plaintiff's Revenge Porn claims were timely – they are not – they should still be dismissed because Plaintiff fails to plead plausible facts giving rise to an inference that Mr. Combs distributed a video with intent to harass or cause her harm.

As set forth in the Opening Brief, the New York State Appellate Division, First Department recently affirmed the dismissal of a claim under the State Revenge Porn Statute where the plaintiff, like Plaintiff here, "fail[ed] to allege that she had personal knowledge of defendants disseminating intimate images of her . . . with the intent to harass or annoy." (*See* Mot. at 15 (quoting *Mira v. Harder (Evans)*, 177 A.D.3d 426, 427 (1st Dep't 2019)). Plaintiff's Opposition fails to address, let alone distinguish this authority. *See generally* Opposition.

Nor does Plaintiff identify allegations in the Amended Complaint that demonstrate that Mr. Combs disseminated the alleged video with the intent to harass, harm, or annoy her.

Plaintiff's sole argument is that she has pled this element based on the lone allegation that "Combs, Sherman, and some of the other men made derogatory comments about [Plaintiff's] former boyfriend's relationship with Plaintiff, in an attempt to shame him into cutting ties with Plaintiff and to cause her further emotional harm and embarrassment." Opposition at 24 (quoting AC ¶¶ 46–47).  This allegation, which impermissibly lumps Defendants together and fails to specify what Mr. Combs purportedly said, is insufficient to sustain her claim.  See Mot. at 17.

Plaintiff's group pleading cannot fill the missing scienter gap in Plaintiff's boilerplate recitation of the elements.  As the Second Circuit has made clear, courts considering a motion to dismiss "accept as true factual allegations but not conclusions, such as statements concerning a defendant's state of mind." See Nat'l Rifle Ass'n of Am. v. Vullo, 49 F.4th 700, 713 (2d Cir. 2022), vacated and remanded on other grounds, 602 U.S. 175 (2024); Whiteside v. Hover-Davis, Inc., 995 F.3d 315, 321 (2d Cir. 2021) ("[A] a court should not accept as true allegations that amount to mere legal conclusions, including those concerning a defendant's state of mind . . . [u]nder this framework, a court need not accept as true a plaintiff's conclusory allegation that a defendant willfully violated the FLSA."); Tantaros v. Fox News Network, LLC, No. 17 CIV. 2958 (GBD), 2018 WL 2731268, at *8 (S.D.N.Y. May 18, 2018) (dismissing claim for intentional infliction of emotion distress where the complaint lacked "any non-conclusory allegation to support Plaintiff's claim that the [] Defendants used information obtained from Plaintiff's communications to harass her.").

Plaintiff fails to state claims under the Revenge Porn Statutes.

## CONCLUSION

For foregoing reasons, Defendant respectfully requests the Court dismiss the Amended Complaint in its entirety as to him.

11

Dated: New York, New York
     April 29, 2025

Respectfully submitted,

<u>/s/ Erica A. Wolff</u>

Erica A. Wolff
Michael Tremonte
90 Broad Street, 23rd Floor
New York, New York 10004
Tel.: (212) 202-2600
Fax: (212) 202-4156
EWolff@shertremonte.com
MTremonte@shertremonte.com

*Attorneys for Defendant Sean Combs*

## **CERTIFICATATION**

      I hereby certify that on April 29, 2025, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices. I also hereby certify pursuant to S.D.N.Y. Local Rule 7.1(c) that the foregoing memorandum of law contains 3492 words, excluding the parts of the brief exempted by the rule, according to the Word Count feature on Microsoft Word.

                                                  */s/ Erica A. Wolff*
                                                   Erica A. Wolff