SHER TREMONTE LLP

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/17/2025

June 5,

**BY ECF**

The Honorable Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> Re:    *Graves v. Combs et al.*, **24-cv-07201**

Dear Judge Torres:

    We write on behalf of our client, Defendant Sean Combs, with the consent of co-Defendant Joseph Sherman, to seek a stay of the proceedings in this matter during the pendency of two appeals in the Second Circuit that will be dispositive of the key legal issue raised by the Defendants' pending motions to dismiss (ECF Nos. 52-57). For the reasons discussed below, we respectfully submit that this matter should be stayed until thirty days after the Second Circuit decides *Parker v. Alexander*, No. 25-487 and *Doe v. Black*, 25-564, as this Court ordered in *English v. Combs et al.*, 24 Civ. 05090 (ECF No. 100).

### **Relevant Procedural History**

    Plaintiff filed an amended complaint (the "Amended Complaint") (ECF No. 47) against Sean Combs and Joseph Sherman (the "Defendants") on January 17, 2025, alleging violations of New York City's Victims of Gender-Motivated Violence Protection Law (the "GMVL"), New York Civil Rights Law § 52-B, and New York City Administrative Code § 10-180. The Defendants moved to dismiss the entire Amended Complaint as time-barred and for failure to state a claim. *See gen.* Combs' Motion to Dismiss, ECF Nos. 52-55; Sherman's Motion to Dismiss, ECF No. 57. With respect to Plaintiff's GMVL claim, both Mr. Combs and Mr. Sherman argued that Plaintiff's claim is untimely because it was not filed within the GMVL's seven-year statute of limitations and that Plaintiff cannot rely on the 2022 GMVL amendment which purports to create a two-year revival window in which to bring expired GMVL claims (the "Revival Provision") because the New York City Revival Provision is preempted by New York State law. *See* Combs' Motion to Dismiss, ECF No. 55 at 5-12; Sherman's Motion to Dismiss, ECF No. 57 at 5-13. In her opposition to Defendants' Motions to Dismiss, Plaintiff argued that her GMVL claim is timely under the Revival Provision and that the Revival Provision is not preempted. *See* Plaintiff's Opposition, ECF No. 59 at 9-22.

**Defendants' Request for a Stay**

The undersigned counsel, with the consent of co-Defendant Joseph Sherman, submit that a stay of this case is appropriate during the pendency of two appeals, *Parker v. Alexander*, No. 25-487 (2d Cir.) and *Doe v. Black*, 25-564 (2d Cir.), that together directly relate to a central argument for dismissal: whether the GMVL revival window is preempted by New York state laws. The Defendants' preemption argument is directly before the Second Circuit on the *Parker* appeal. In *Parker v. Alexander*, et al., No. 24 Civ. 4813 (LAK), 2025 WL 268436 (S.D.N.Y. Jan. 22, 2025), the district court dismissed plaintiff's GMVL claims, holding that the revival window was preempted by state law. Another district court reached a different conclusion in *Doe v. Black*, No. 23 Civ. 6418 (JGLC), 2024 WL 4335453, at *6 (S.D.N.Y. Sept. 27, 2024). The appeals from these two decisions have been ordered to proceed in tandem and are expected to resolve the GMVL preemption question. *See Parker v. Alexander*, No. 25-487 (2d Cir.) at ECF No. 19. The Second Circuit has placed *Parker* on an expedited schedule, under which the appellant's brief was filed on April 23, 2025, and the appellee's brief was filed on May 28, 2025. *See Parker*, No. 25-487 at ECF No. 12.

The disposition of Plaintiff's GMVL claim, which is the gravamen of her Amended Complaint and the focal point of the parties' briefing on the Motions to Dismiss, will necessarily be affected by the Second Circuit's rulings on these appeals. Pursuant to the Court's inherent authority to manage the dockets of the cases before it, "with economy of time and effort for itself, for counsel, and for litigants," *see Landis v. North American Co.,* 299 U.S. 248, 255 (1936), the Court should use its discretion to stay this case until *Parker* and *Black* are decided.

We note that nine other GMVL cases pending in the Southern District of New York involving Mr. Combs and undersigned counsel, in front of six different judges (including Your Honor in the *English v. Combs et al.* case, and including some who raised the issue *sua sponte*) have already been stayed, on the ground that it would be a waste of judicial resources for such actions to proceed unless and until the Second Circuit confirms that such claims are viable. *See Doe v. Combs*, No.24-cv-07776 (NRB), Order (Apr. 24, 2025), ECF No. 69; *Doe v. Combs*, No. 24-cv-08812 (NRB), Order (Apr. 24, 2025), ECF No. 43; *McKinney v. Combs*, No. 24-cv-03931 (NRB), Order (Apr. 24, 2025), ECF No. 49; *Doe v. Combs*, No. 24-cv-08808 (JAV), Order (Apr. 28, 2025), ECF No. 50; *Doe v. Combs*, No. 24-cv-08813 (JGK), Order (Apr. 30, 2025), ECF No. 44; *Doe v. Combs*, No. 24-cv-07774 (JPO), Order (May 8, 2025), ECF No. 79; *Doe v. Combs*, No. 24-cv-07778 (JLR), Order (May 16, 2025), ECF No. 55; *English v. Combs*, No. 24-cv-05090 (AT), Order (May 29, 2025), ECF No. 100; *Gilmore v. Combs*, No. 24-cv-08440 (JPO), Order (May 30, 2025), ECF No. 49.

**The Other Parties' Positions on Defendants' Request for a Stay**

We have conferred with counsel for the other parties in this case. Defendant Sherman joins in Defendant's request for a stay. Plaintiff objects to the request for a stay.

2

Plaintiff's position is that: "the weight of legal authority makes clear that the GMVL is not preempted and that the fully briefed motion to dismiss should not be put on hold while the Second Circuit confirms that is the case. Plaintiff notes that all but one Court that has granted a stay has done so upon the joint request of the parties, and it appears the remaining Court raised the issue *sua sponte* and no party objected. The Court in *Doe v. Combs*, No. 24 Civ. 07778 explicitly stated that 'The Court will grant the requested stay here primarily because both parties seek the stay.' ECF Doc. No. 74, at 3. Plaintiff thus respectfully requests that the Court decide the motion to dismiss on the papers before it and allow Plaintiff to proceed to vindicate her rights without delay."

Defendants respectfully disagree with Plaintiff's characterization of "the weight of legal authority" which, as reflected in Judge Kaplan's thorough decision in *Parker v. Alexander*, No. 24-cv-4813, 2025 WL 268426 (S.D.N.Y. Jan. 22, 2025), demonstrates that the New York City GMVL is preempted under the doctrines of both field preemption and conflict preemption by the New York State Child Victims Act and Adult Survivors Act, which create a comprehensive, detailed statutory scheme governing the revival of previously time-barred sexual assault claims that directly conflicts with the GMVL's Revival Provision. Defendants likewise disagree that the procedural posture of this case warrants the expenditure of resources in adjudicating or litigating legal issues that will soon be determined by the Second Circuit.

The Court has reviewed Defendants' letter dated June 5, 2025, in which Defendants seek a stay of this matter. ECF No. 67. The letter details Plaintiff's opposition to the request. *Id*. Plaintiff did not respond to the letter.

The Court finds that judicial economy counsels in favor of a stay and that to proceed at this juncture risks wasting judicial and party resources. Defendants' request for a stay pending the Second Circuit's resolution of the appeals in *Parker v. Alexander*, No. 25-487 (2d Cir.), and *Doe v. Black*, No. 25-564 (2d Cir.), is, therefore, GRANTED.

The Clerk of Court is respectfully directed to STAY all hearings, deadlines, and motions in this matter pending further order of the Court.

SO ORDERED.

Dated: July 17, 2025
       New York, New York

_____
ANALISA TORRES
United States District Judge